UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           **Plaintiff** | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 16-5367 |
| KENNETH HUMPHREY,<br>           **Defendant** | :<br>:<br>: |

## ANSWER AND AFFIRMATIVE DEFENSES

1. Admitted.

2. Admitted.

3. Denied. By way of further answer, upon information and belief the certification of indebtedness references or relates to an application for promissory note dated November 19, 1987. A copy of the certificate of indebtedness and application of promissory note was provided to Defendant in or about April, 2015 and are collectively attached as Exhibit "A". Defendant has contested that the loan application was completed by him and the funds referenced where not and could not have been provided to him or for his benefit as he was incarcerated in Rockview State Prison from 1981 to the summer of 1989. The application references a loan period from 1/19/1987 to 6/2/1988, which was the time period he was incarcerated; therefore, he could not have attended the school referenced as DVST located in Philadelphia, PA. In addition, the application references an address for borrower as 1019 North 55th Street and phone number of 215-476-9172. Defendant never resided at that address and never had that phone number.

4. Denied in part and admitted in part. It is admitted that a demand has been made. It is also admitted that Plaintiff has not paid the amounts demanded because said amounts are not due and owing from Kenneth Humphrey.

## AFFIRMATIVE DEFENSE

## FACTS

5. Defendant incorporates the facts above as though set forth at length.

6. Defendant, Kenneth Humphrey was incarcerated in Rockview Prison located in Bethlehem, Pennsylvania from 1981 through the summer of 1989. His prison identification numbers were BP0084 and Y3879.

7. Kenneth Humphrey claims that the debt alleged was not as a result of an advance to him or on his behalf, but is as a result of somebody fraudulently utilizing his name in completing the application attached as Exhibit "A".

8. The loan at issue was for a period of November 19, 1987, with an anticipated graduating date of June 2, 1988.

9. At no time did Kenneth Humphrey receive any of the funds referenced in the application.

10. It is believed and therefore averred that the debt is not Kenneth Humphrey's and as a result the fraud of someone else.

11. The claims are barred by the statute of limitations, laches and/or other legal or equitable grounds.

KANE & SILVERMAN, P.C.

BY: _____
Howard G. Silverman, Esquire
**Attorney for Defendant**
Attorney I.D. No. 48319
2401 Pennsylvania Avenue, Suite 1A-5
Philadelphia, PA   19130
215-232-1000

# EXHIBIT "A"

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Kenneth Humphrey
5623 McMahon Street
Philadelphia, PA 19144
Account No. XXXXX6380

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 10/15/14.

On or about 11/11/87, the BORROWER executed promissory note(s) to secure loan(s) of $2,625.00 from First American Savings, Inc. This loan was disbursed for $2,625.00 on 01/22/88 at 8.00% interest per annum. The loan obligation was guaranteed by Higher Education Assistance Foundation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $1,128.18 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 04/01/89, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,638.12 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 11/12/93, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $250.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $1,638.12 |
| Interest: | $2,993.65 |
| Total debt as of 10/15/14: | $4,631.77 |

Interest accrues on the principal shown here at the rate of $0.36 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 03/02/15

Delfin M. Reyes
Loan Analyst

Loan Analyst
Litigation Support Unit

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 24107 • ST PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

**GUARANTEED STUDENT LOAN (GSL) APPLICATION PROMISSORY NOTE**

### SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK--PRESS FIRMLY--OR TYPE)

1. NAME (NO NICKNAMES)
   LAST: Humphrey    FIRST: Kenneth    M.I.:
2. SOCIAL SECURITY NUMBER: [redacted]
3. WHEN WERE YOU BORN?: [redacted]
4. PERMANENT ADDRESS: 1019 S. 55th St.
   CITY: Phila    STATE: PA    ZIP: 19143
5. PERMANENT HOME PHONE: (215) 476-9170
6. U.S. CITIZENSHIP STATUS: ☒ U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: PA
8a. DRIVER LICENSE NUMBER: 
9. ADDRESS WHILE IN SCHOOL: 1019 S. 55th St.
11. MAJOR COURSE OF STUDY: 13
12. LOAN AMOUNT REQUESTED: $2625.00
13. LOAN PERIOD FROM: 11/1/87 TO: 6/1/88

### PRIOR LOAN INFORMATION
14. HAVE YOU EVER DEFAULTED ON A GSL...: ☒ NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS?: ☒ NO

### REFERENCES
22a. NAME: Idel Burns    STREET: 1040 S. 51st St.    CITY, STATE, ZIP: Phila PA 19143    PHONE: (215) 729-8237
22b. NAME: Arty Stockley    STREET: 938 Maple Terr.    CITY, STATE, ZIP: Darby PA 18023    PHONE: (215) ?
22c. NAME: Denise Harvey    STREET: 913 S. Cecil St.    CITY, STATE, ZIP: Phila PA 19143    PHONE: (215) ?

23a. SIGNATURE OF BORROWER: Kenneth Humphrey
23b. DATE BORROWER SIGNED: 11/11/87

### SECTION B - TO BE COMPLETED BY SCHOOL
24. NAME OF SCHOOL: DVST
25. PHONE: (215) 561-1950
27. SCHOOL CODE: 021550
29. ADDRESS: 1710 Race St. Phila PA 19103
30. PERIOD LOAN WILL COVER: FROM 11/1/87 TO 6/2/88
31. STUDENT'S GRADE LEVEL: 2
32. ANTICIPATED GRADUATION DATE: 6/2/88
33. STUDENT STATUS: ☒ INDEPENDENT
35. COST OF ATTENDANCE: $11,045
36. ESTIMATED FINANCIAL AID: $2100
37. EXPECTED FAMILY CONTRIBUTION (EFC): $150
38. DIFFERENCE: $8795

43a. SIGNATURE OF SCHOOL OFFICIAL: Carol Henderson
43b. DATE: 11/12/87
43c. PRINT NAME AND TITLE: CAROL HENDERSON FAO

### SECTION C - TO BE COMPLETED BY LENDER
NAME OF LENDER: First American Savings, Inc.
ADDRESS: 380 N. Campbell Ave., Tucson, Arizona 85718    (602) 577-1122
46. LENDER CODE: 830909

55a. SIGNATURE OF LENDING OFFICIAL: [signature]
55b. DATE SIGNED: 11/19/87

HUMPHREY, KENNETH,
CLAIM NO 1993090658001  11-12-93
TD  1

## GSL PROMISSORY NOTE

### A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%. I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described under Repayment in this Note, and (c) during the time my loan payments are deferred as allowed by and described under Deferment in this Note. If I am a "new borrower" (as defined below) with a period of enrollment beginning on or after July 1, 1988, my applicable interest rate on this loan will be 8% through the fourth year of repayment. Beginning on the first day of the fifth year of repayment, my applicable interest rate on the loan will be 10%. A "new borrower" is one who has no outstanding balance on a GSL, PLUS, ALAS, SLS or Consolidation Loan on the date he or she signs the promissory note for a loan to cover a period of enrollment beginning on or after July 1, 1988.

2. The Guarantee Fee

HEAF may charge a fee to guara
law, applicable regulations and H
Fee will be deducted proportional
after July 1, 1987 I understand the
attributable to any disbursement I
applied to my loan balance or be r
actual guarantee fee charged

3. The Origination Fee will be dedu
by federal law and will be reflecte
refunded, pro rata, on undisbursed
disbursement, if the loan check is
check is returned to the lender unc

### B. DISCLOSURE OF LOA

I understand that before I receive r
sure statement that identifies all the

### C. GENERAL

I understand that the lender has a
Higher Education Assistance Founc
and the terms of this Promissory N
of the Higher Education Act of 196
under the Act, and the Rules and R
law, this Note shall be governed by t

### D. REPAYMENT

I will repay this loan in periodic instal
than the end of my grace period.

However, during the grace period I n
grace period begins when I cease t
at a school that is participating in the
1) The Secretary will pay the interes
and during any deferment period, d
made on my behalf under the regul
this loan is payable by the Secretary
me. I may, however, choose to pay th
2) Once the repayment period begi
accrues on this loan, except that it t
period was payable by the Secretary
any period described under Deferme
3) The lender may add any interest
paid when it is due, in accordance w
GSLP
4) I will repay this loan over a repayr
more than 10 years. However, the foll
a. If, during the grace period, I reques
a shorter period.
b. The lender may require a repaym
ensure that during each year of the r
GSL, PLUS or SLS program loans o
east $600 of the unpaid principal of a
c. If I qualify for postponement of my
nent in this Note, or if the lender gran
will not be included in the 5- and 10-y[...]
) If, during the grace period, I request a shorter repayment period, the lender may grant mo
period shorter than 5 years. In that event, I may later choose to have the repayment period
xtended to 5 years.
) I must contact the lender prior to expiration of my grace period to negotiate the terms of
payment. If I neglect to do so, I hereby authorize the lender to establish repayment terms
within the guidelines set forth in Paragraph 4 of this Section, without my further approval;
owever, the lender must inform me of these terms in writing at the latest address that I have
rovided to the lender.
The particular terms and conditions of repayment that apply to this loan will be set forth
a separate document that the lender will provide to me before the repayment period begins.
My obligation to repay this loan shall be cancelled if I become totally and permanently
sabled or die.

### . PREPAYMENT

my option and without penalty, I may prepay at any time all or any part of the unpaid
ncipal balance of this Note. In the event of prepayment, I will be entitled to a refund of any
earned interest that I have paid. The amount of any such rebate will be computed by the
ne method by which interest payments were computed.

### DEFERMENT

derstand that in certain instances authorized by the Act the payments I am required to
o, as described under Repayment in this Note, may be deferred. The instances currently
orized by the Act are descr[...] Deferment [...] information
ket. To obtain such deferment, I agree to comply with the relevant federal regulations
the Rules and Regulations of the HEAF, including, without limitation, submission of m-

### G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

### H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the following events is a default:
a. failing to make any installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change [...], or (d) change my permanent address.

ult on this loan:
unpaid amount of the loan, including interest, immedi-

ncy may disclose to schools I have attended (or am
the default;
nce from any of the following federal programs Pell
portunity Grant, College Work-Study, State Student
ly called National Direct Student Loan), Guaranteed
an for Students (SLS), PLUS loans, or Consolidation

cribed under Repayment and Deferment in this Note;
costs, including attorney's fees, that are permitted by
llection of these amounts. If this loan is referred for
to the Fair Debt Collection Practices Act, I will pay
ent of the unpaid principal and accrued interest. Do-
e and payable is at the option of the lender, which it
able notice and other requirements of law. Failure to
a waiver of the lender's right to exercise the option

EAF I will then be required to pay HEAF all amounts

ct from me a late charge if I fail to pay all or part of a
days after it is due or if I fail to provide written evi-
to payment deferred as described under Deferment
d 6 cents for each dollar of each late installment.

### ATION

is loan and its repayment will be reported to one or
default on this loan, the lender, holder or guaranty
dit bureau organizations. This may significantly and
er credit. The lender, holder or guaranty agency
nce that information about the default will be dis-
ss I enter into repayment on the loan within the 30
esponse to a request from any credit bureau orga-
so with that organization about the accuracy and
out me.

the laws of the United States of America that the
wer, certify that the information contained in my
and correct to the best of my knowledge and belief
s option, I authorize the lender to make my loan
chool. I hereby authorize the school to pay to the
up to the amount of this loan. I further authorize
and or HEAF to release to the lending institution,
equested information pertinent to this loan (e.g.,
istory, current address). I also authorize the lender
itional institution, or HEAF to make inquiries to or
ior or subsequent lenders or holders, with respect
ns. I also authorize the lender, subsequent holder,
[...] to release information and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

### SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identi[...] CFR [...] will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information [...]

---

### AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.
2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.
3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE
X B Snider

TITLE claims processor

DATE 12/12/89

F0025 10-87